IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAVID BALL                                                                                            PLAINTIFF

V.                                      Civil No. 4:15-CV-4065

JAMES SINGLETON, ET AL                                                              DEFENDANTS

## ORDER

    This is a civil rights action filed by the Plaintiff, David Ball, pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds in this action *pro se* and *in forma pauperis*.  Currently before the Court is Plaintiff's failure to respond to this Court's Order directing Plaintiff to show cause as to why he failed to appear at a hearing on Defendants' Motion for Summary Judgment held on May 12, 2016.  ECF No. 33.  After thorough consideration, the Court issues this Order.

### BACKGROUND

    Plaintiff originally filed this case *pro se* on July 21, 2015.  ECF No. 1.  In his Complaint, Plaintiff claims his constitutional rights were violated as a result of being denied adequate medical care and being forced to eat foods that caused Plaintiff's existing medical condition to worsen. Plaintiff was housed in the Hempstead County Detention Center in Hope, Arkansas when he filed his Complaint.

    On January 13, 2016, Magistrate Judge Barry A. Bryant entered an Initial Scheduling Order in this matter setting a summary judgment hearing for May 12, 2016 and setting deadlines for disclosures and discovery.  ECF No. 25.  On January 20, 2016 Plaintiff notified the Court that he had moved to Ohio.  A change of address for Plaintiff was entered on the Court's docket.

ECF No. 26. The Initial Scheduling Order was returned as undeliverable on February 1, 2016 and the Court resent the Order to Plaintiff's address in Ohio that same day. ECF No. 28. The Initial Scheduling Order re-sent to Plaintiff on February 1, 2016 notifying him of the May 12, 2016 summary judgment hearing was not returned as undeliverable.

Plaintiff failed to appear at the hearing on May 12, 2016 and did not notify the Court of his intention not to appear. On May 17, 2016 the Court entered an Order to Show Cause why Plaintiff failed to appear. ECF No. 33. Plaintiff was given until June 1, 2016 to respond and was notified that, if he failed to respond, the matter would be subject to dismissal. To date, Plaintiff has not responded to the Order to Show Cause.

## DISCUSSION

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).

Plaintiff failed to appear at the hearing held on May 12, 2016 and did not notify the Court of his intention not to appear. In addition, Plaintiff has not responded to the Order to Show Cause as to why he failed to appear. Plaintiff has failed to prosecute this case and has

failed to comply with a court order. Accordingly, Plaintiff's Complaint is subject to dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b).

## CONCLUSION

Because Plaintiff has failed to prosecute this case and failed to comply with this Court's Order To Show Cause, the Court finds that Plaintiff's Complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41 (b).

IT IS THEREFORE ORDERED this 22nd day of June, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge